23-1093-cv
*Outlogic, LLC v. Advan Research Corp.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand twenty-four.

Present:

> REENA RAGGI,
> DENNY CHIN,
> WILLIAM J. NARDINI,
>     *Circuit Judges.*

_____

OUTLOGIC, LLC,

>     *Plaintiff-Appellant,*

v.                                                                          23-1093

ADVAN RESEARCH CORPORATION, LLC,

>     *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | BRETT SPAIN (Sophia Y. Ree, Mark S. Landman, Landman Corsi Ballaine & Ford P.C., New York, NY, *on the brief*), Willcox & Savage P.C., Norfolk, VA |
| For Defendant-Appellee: | ANNE C. REDDY, Greenberg Traurig, LLP, New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Outlogic, LLC ("Outlogic") appeals from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *District Judge*), entered on July 18, 2023, denying its motion for summary judgment and granting Defendant-Appellee Advan Research Corporation, LLC's ("Advan") cross-motion for summary judgment. In May 2021, Outlogic acquired X-Mode Social, Inc. ("X-Mode"), and through this acquisition, assumed a Data Monetization Agreement (the "Agreement") that X-Mode had entered into with Advan in April 2018. Pursuant to the Agreement, Outlogic licenses data it collects to Advan. The "Term" provision of the Agreement calls for an initial seven-year term, subject to two-year renewals:

> This Agreement will commence on the Effective Date and will continue for an initial Term of seven (7) years (the "Initial Term") unless sooner terminated as permitted herein. At the end of the Initial Term, the Agreement shall automatically renew for consecutive two-year terms (each a "Renewal Term") provided that at least one of [Advan]'s customers use products or data derived from the X-Mode Data.

Agreement, App'x 14–15, § 2.a (bolding omitted). In addition, the Agreement provides that "any dispute, disagreement, or issue of construction or interpretation" relating to the Agreement "shall be governed or interpreted according to the internal laws of the State of Virginia." *Id.* at 19, § 16.

After failing to reach agreement with Advan to amend certain aspects of the Agreement, Outlogic filed this suit, seeking a declaratory judgment that "the Agreement's Term Clauses are indefinite and therefore," under Virginia law, "the Agreement is terminable at will by either party upon reasonable notice." Complaint, App'x 12. In lieu of Advan filing a motion to dismiss, the parties agreed to each move for summary judgment on the sole contract interpretation issue. The

2

district court denied Outlogic's motion for summary judgment and granted Advan's cross-motion for summary judgment, holding that "the Initial Term is enforceable, and any determination as to the validity of the Renewal Term is not ripe at this time." *Outlogic, LLC v. Advan Rsch. Corp.*, 682 F. Supp. 3d 407, 411 (S.D.N.Y. 2023). Outlogic timely appealed. We assume the parties' familiarity with the case.

"We review the district court's grant of summary judgment *de novo*. We may affirm only if the record reveals no genuine issue of material fact for trial." *Bart v. Golub Corp.*, 96 F.4th 566, 569 (2d Cir. 2024).[1] Likewise, we review questions of contract interpretation *de novo*. *Colon de Mejias v. Lamont*, 963 F.3d 196, 202 (2d Cir. 2020). In contrast, "[w]e review a district court's decision of whether to exercise jurisdiction over a declaratory judgment action deferentially, for abuse of discretion." *In re IBM Arb. Agreement Litig.*, 76 F.4th 74, 86 (2d Cir. 2023). "A district court abuses its discretion when (1) its decision rests upon an error of law or a clearly erroneous factual finding, or (2) its decision otherwise cannot be located within the range of permissible decisions." *City of New York by and through FDNY v. Henriquez*, 98 F.4th 402, 411 (2d Cir. 2024). In the specific context of a declaratory judgment action, a district court abuses its "broad discretion" to decline to exercise jurisdiction where it fails to identify and rely on, or commits a "clear error of judgment" in weighing, relevant factors. *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 100 (2d Cir. 2023); *see id.* at 99–100 (providing non-exhaustive list of potentially relevant factors, including whether declaratory judgment "will serve a useful purpose in clarifying or settling the legal issues involved," "whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction," whether declaratory judgment would

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

"improperly encroach on the domain of a state . . . court," and "whether there is a better or more effective remedy").

Outlogic argues that the entire Agreement is indefinite and therefore terminable at will under Virginia law because after the seven-year Initial Term, the Agreement automatically renews every two years as long as an Advan customer is still using a product or data derived from Outlogic's data. We agree with the district court that, at minimum, the Agreement is not terminable at will during the Initial Term. Under Virginia law, "an unambiguous document should be given its plain meaning." *Va. Elec. & Power Co. v. N. Va. Reg'l Park Auth.*, 270 Va. 309, 316 (2005). Here, the Agreement clearly and unambiguously provides that it is in effect for an Initial Term of seven years, which is a definite term. Accordingly, the Agreement may not be terminated at will during the Initial Term.

Further, we discern no abuse of discretion in the district court's decision not to rule on the Renewal Term's effect on the Agreement's terminability. Even assuming that the district court had jurisdiction to issue that declaration, "it may nevertheless decline to *exercise* such jurisdiction." *Admiral Ins. Co.*, 57 F.4th at 96; *see* 28 U.S.C. § 2201(a) (using permissive language providing that court "may" issue declaratory relief). Here, the definite Initial Term does not end until spring 2025,[2] and the controversy will become real only if the Agreement enters the arguably indefinite Renewal Term at that time. The district court noted that this might not occur for multiple reasons, including that "the parties operate in an industry that is changing rapidly," and consequently, "[i]t is unclear whether . . . Advan's customers will continue to need Outlogic's data" after the Initial Term, which is the condition precedent for the Renewal Term to take effect.

---

[2] While Advan submits that the Initial Term ends May 1, 2025, the Agreement states that the Initial Term lasts seven years from its Effective Date, which is April 6, 2018.

*Outlogic*, 682 F. Supp. 3d at 413.  Further, the district court explained that "the parties may choose to amend or modify the agreement" before the Renewal Term begins—something they did twice before, including once during the pendency of this case.  *Id.*  In addition, the district court was "particularly hesitant" to make a pronouncement on what it viewed as an unsettled area of Virginia law.  *Id.*  The district court's analysis thus reflects proper consideration of the factors identified in *Admiral Insurance Company*, and our review reveals no clear error of judgment in how the court weighed those factors.  Accordingly, the district court did not abuse its discretion by declining to rule on Outlogic's declaratory judgment action.[3]

\* \* \*

We have considered all of Outlogic's remaining arguments and find them unpersuasive.  For the reasons stated above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[3] The district court noted that "[i]f the renewal provision is invalid, plaintiff can challenge it during the renewal period."  *Outlogic*, 682 F. Supp. 3d at 413 n.4.  Indeed, Advan conceded at oral argument that the controversy would be ripe if the Renewal Term takes effect at the end of the Initial Term, and that if Outlogic were to seek a declaratory judgment at that time, Advan would not seek dismissal on ripeness grounds.  Oral Argument at 11:10, 15:43, *Outlogic, LLC v. Advan Rsch. Corp.*, No. 23-1093 (2d Cir. May 13, 2024).  Of course, if that were to occur, Advan could still raise any other defenses.

5